IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>815 Eddy Street<br>San Francisco, CA 94109,<br><br>            Plaintiff,<br><br>    v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the release of records that Plaintiff requested from Defendant Department of Justice's component, the Federal Bureau of Investigation ("FBI"), concerning the FBI's relationship with Best Buy and other computer repair facilities.

**PARTIES**

2.  Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3.  Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The FBI is a component of Defendant DOJ.

1

## JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PLAINTIFF'S FOIA REQUEST AND DEFENDANT'S RESPONSE

6. In a letter dated February 2, 2017, and sent by e-mail, fax and postal mail to the FBI, Plaintiff requested under the FOIA the following agency records:

   a. All internal memoranda or other documentation regarding the use of informants and/or CHSs ["cooperating human sources"] at any Best Buy facility;

   b. All internal memoranda or other documentation regarding FBI training of Best Buy personnel in the detection and location of child pornography, or other material, on computers brought to Best Buy for repair;

   c. All recruiting material from the FBI directed to Best Buy personnel; and

   d. All memoranda, guidance, directives, or policy statements concerning the use of informants and/or CHSs at any computer repair facilities in the United States.

7. In its letter of February 2, 2017, Plaintiff also formally requested that it not be charged search or review fees for its request because EFF qualifies as a representative of the news media pursuant to the FOIA and 28 C.F.R. § 16.10(b)(6). Plaintiff further requested that it be granted a waiver of all fees related to its request because disclosure of the requested information is in the public interest within the meaning of 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10(k)(2).

8. The FBI acknowledged receipt of Plaintiff's request via an email message dated February 3, 2017. The FBI stated, *inter alia*, that "[r]equests for fee waivers . . . will be

addressed once your request has been assigned an FOIPA request number.  You will receive written notification of the FBI's decision."

9. By letter to Plaintiff dated April 18, 2017, the FBI denied EFF's request for agency records.  The FBI stated, *inter alia*, that "it is the FBI's policy to neither confirm nor deny the existence of any records which would tend to indicate or reveal whether an individual or organization is of investigatory interest to the FBI."  The FBI advised Plaintiff of its right to file an administrative appeal of the agency's determination.  The FBI's letter did not address EFF's request for treatment as a "news media" requester nor its request for a waiver of all processing fees.

10. By letter to the Director of DOJ's Office of Information Policy ("OIP") dated April 28, 2017, Plaintiff appealed the FBI's determination to deny EFF's request for responsive agency records.  Plaintiff stated, *inter alia*, that EFF's request "sought records disclosing the FBI's *cooperation* with certain employees of the electronics retailer Best Buy in conducting investigations," and that "EFF did not seek, as the FBI apparently believed, documents related to any investigation of Best Buy itself." (emphasis in original).  Plaintiff further appealed the FBI's constructive denial of EFF's requests for treatment as a "news media" requester and for a waiver of all processing fees.

11. The OIP acknowledged receipt of Plaintiff's administrative appeal via an email message dated April 28, 2017.

12. To date, Defendant has not responded to Plaintiff's administrative appeal.

13. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request dated February 2, 2017.

14. Defendant has wrongfully withheld the requested records from Plaintiff and

wrongfully denied Plaintiff's requests for treatment as a "news media" requester and for a waiver of all processing fees.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

15.     Plaintiff repeats and realleges paragraphs 1-14.

16.     Defendant has wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for responding to Plaintiff's administrative appeal.

17.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful withholding of the requested records.

18.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

### Violation of the Freedom of Information Act for Wrongful Denial of Requests for "News Media" Treatment and a Waiver of All Processing Fees

19.     Plaintiff repeats and realleges paragraphs 1-14.

20.     Defendant has wrongfully denied Plaintiff's requests for treatment as a "news media" requester and for a waiver of all processing fees by failing to comply with the statutory time limit for responding to Plaintiff's requests.

21.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's wrongful denial of Plaintiff's requests for treatment as a "news media" requester and for a waiver of all processing fees.

22.     Plaintiff is entitled to injunctive relief with respect to its requests for "news media" treatment and a waiver of all processing fees.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1.     Order Defendant and its component, the FBI, to process immediately the requested records in their entirety;

2. Order Defendant and its component, the FBI, upon completion of such processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3. Order Defendant and its component, the FBI, to grant Plaintiff's requests for treatment as a "news media" requester and for a waiver of all processing fees;

4. Provide for expeditious proceedings in this action;

5. Award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

6. Grant such other relief as the Court may deem just and proper.

DATED: May 31, 2017

Respectfully submitted,

/s/ David L. Sobel
DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, D.C. 20015
(202) 246-6180

AARON MACKEY
D.C. Bar No. 1017004
DAVID GREENE
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION